CLERK'S COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM

MAY 0 8 2000

ROBERT M. MARCH
CLERK

PAUL SCOTT ROBINSON,

   Plaintiff,

v.                                                No. CIV-00-0494 MV/LCS

CITY OF CLOVIS,

   Defendant.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

This matter is before the Court *sua sponte* to review Plaintiff's criminal complaint against Defendant City of Clovis, New Mexico. Plaintiff is incarcerated and appears pro se. He did not submit a filing fee or move for leave to proceed *in forma pauperis* ("IFP"). In his civil rights action against the same Defendant, *Robinson v. City of Clovis*, CIV-99-1342 BB/LFG, Plaintiff's IFP motion was granted, and he has not yet been required to make a partial payment. The failure to pay a filing fee will be construed as a request for leave to proceed IFP, and the request will be granted. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if... the action... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se



complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Regardless of the merits of the complaint's allegations, "courts universally endorse the principle that private citizens cannot prosecute criminal actions," *Higgins v. Neal*, No. 94-1154, 1995 WL 216920, at **1 (10th Cir. 1995), and, therefore, "[Plaintiff] lacks standing to maintain this criminal action." *Id.* "That is not to say that [Plaintiff's] allegations, if true, must go unprosecuted. [Plaintiff] may refer his complaint to the United States Attorney's Office." *Id.* at **1 n.3. The complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's implied request for leave to proceed *in forma pauperis* is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's criminal complaint is DISMISSED without prejudice, and this proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE